## Winpenny *versus* Winpenny.

1. A., who was indebted to B., verbally agreed to give him a lot and to furnish a deed therefor. B. entered upon the lot, made improvements, and lived thereon for many years, but A. never gave him the deed. In a second action of ejectment for the lot: *Held*, that evidence of the above facts set up an equitable, not a legal title, and that a verdict and judgment upon the same evidence in the former action of ejectment were conclusive.

2. An action of ejectment upon an equitable title is a substitute for and equivalent to a bill in equity, and the verdict and judgment thereon have all the conclusive effects of a decree in equity.

3. Taylor *v*. Abbott, 5 Wright 352, criticised, and Treftz *v*. Pitts, 24 P. F. Smith 343, followed.

January 13th 1880.    Before SHARSWOOD, C. J., · MERCUR, GORDON, PAXSON and TRUNKEY, JJ.    STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of July Term 1879, No. 25.

Ejectment by Bolton Winpenny, surviving trustee under the will of John Winpenny, deceased, against Joseph Winpenny, to recover a house and lot in Manayunk.

John Winpenny died in 1858, leaving a will which was proved February 25th 1858. Plaintiff, who claimed under the will, alleged that defendant was in possession as tenant of his father, while defendant claimed to own the land by virtue of a parol sale from his father.

The defendant put in evidence the record of a former action of ejectment brought in the District Court in 1869, for the property in dispute by the same plaintiff against the same defendant. He then proved by the testimony of several witnesses what evidence he had offered on the former trial, at which a verdict was rendered in his favor. This evidence, in effect, was, that in 1848, by a parol arrangement, defendant had agreed to accept the land in question from his father, John Winpenny, to satisfy a debt of $500, which he owed to defendant, and the father was to execute a deed for the land. Defendant immediately thereafter entered upon the land, and has remained in possession ever since, but the father never gave him the deed. The plaintiff, in rebuttal, offered to show that the father had never made such an arrangement, and that he had exercised ownership over the property after the date of the alleged agreement. The court rejected this evidence, and directed the jury to find for defendant if they believed the testimony of the defendant as to the grounds on which he had obtained the former verdict and judgment, as in that event they were a bar to a subsequent action. The verdict was for defendant, and after judgment plaintiff took this writ, and alleged that the court erred in rejecting the above evidence in rebuttal and the instruction to the jury.

*John Dolman* and *Benjamin Harris Brewster*, for plaintiff in

[Winpenny v. Winpenny.]

error.—The title here set up has been expressly decided to be a full legal title, and not a mere equitable title in Pennsylvania, in the case of Taylor v. Abbott, 5 Wright 353, which case decides plainly and broadly, that a purchaser, who has paid all the purchase-money, and has had possession delivered to him, has, in Pennsylvania, the full legal title, notwithstanding the contract stipulates for a deed, and in that case the sole question before the Supreme Court was, whether the first ejectment was a bar. It will not avail the defendant to offer evidence of improvements or length of possession. If the facts alleged by him be true, he had the legal title, and these elements will not change it into an equitable title. Nor can he qualify his legal title by calling the transaction the part execution of a parol contract.

*Charles Davis,· Wayne MacVeagh* and *Joseph J. Lewis*, for defendant in error.—Defendant's title is an equitable one, and the verdict and judgment in the first trial work an estoppel against the plaintiff, and ·bar his right to recover in a second action: Seitzinger *v.* Ridgway, 9 Watts 496; Peterman *v.* Huling, 7 Casey 432; Church *v.* Ruland, 14 P. F. Smith 441; Bolin *v.* Connelly, 23 Id. 336; Treftz *v.* Pitts, 24 Id. 343; Ballentine *v.* White & Donaldson, 34 Leg. Int. 232. After the Statute of Frauds no legal or even equitable title to a fee passed by livery, unaccompanied by writing and without more; and even if possession were taken, only an equitable, not a legal title passed.

But in point of fact there was no technical livery, or any pretence of it, in the present case. There was simply the ordinary fact, of almost daily occurrence, of the vendee's going into possession without getting his deed. In such a case the purchaser would have no standing at all, whether as plaintiff or defendant, in a common-law court. His only remedy would be a bill for the completion of the contract by the conveyance of the legal title, on the ground of part performance. And this is just the case now presented to the court. Taylor *v.* Abbott, *supra*, only decides that articles of agreement sometimes operate as a deed of bargain and sale. But see the criticism of that case in Treftz *v.* Pitts, *supra*.

Mr. Justice GORDON delivered the opinion of the court, January 26th 1880.

By the present plaintiffs, against the same defendant and for the same property, an action of ejectment was instituted, in the year 1869, in the former District Court, which resulted in a verdict and judgment for the defendant. In that suit, Joseph Winpenny claimed, as he does in the present one, the premises in dispute, under and by virtue of a parol contract with his father, John Winpenny. The substance of the terms of that contract was as

follows: the father owed the son some five hundred dollars, and in payment thereof agreed to sell and make him, the son, a deed for the property in controversy. Joseph accepted this proposition, went into possession and has continued that possession ever since, but he never received the promised deed. On trial of the present suit, the defendant put in evidence the record of the former case, together with the evidence, substantially as above stated, upon which it was tried.

Thereupon the court below directed a verdict for the defendant, on the ground that the former judgment, having been rendered for Joseph Winpenny upon an equitable title, was conclusive and a bar to a second suit.

Exception is taken to this ruling for two reasons: 1. That the title interposed by the defendant was not an equitable one; and 2. Admitting it to be such, it was not of such a character as to make one judgment in ejectment upon it conclusive. But if this is not an equitable title, we know not what name to apply to it, for it is certainly not a legal title, since that yet remains in the vendor or his heirs. Had John Winpenny sold to his son Joseph by articles of agreement, at the same time receiving the purchase-money in hand, then, beyond controversy, Joseph's title would have been only equitable, and enforcable only on the equity side of the court. But in this respect the character of the agreement was not changed, because it was in parol, and because it required proof of partial performance in order to rescue it from the Statute of Frauds and Perjuries. It was still but an equitable title, which none but a chancellor could enforce; John Winpenny still continued to hold the legal title, and that legal title could be enforced in an action of ejectment only by the destruction of this outstanding equity.

The equitable character of the contract being thus established, it only remains to consider whether a single action of ejectment is conclusive of the rights of the parties. If, however, the establishment of the legal title, and its enforcement by the action of ejectment, must, under our system, be effected by what is equivalent to a decree determining the invalidity of the equity, this is not an open question. In such case the only inquiry would be, has Joseph the right to set up his equitable title as a defence? If he has such right, upon that title a court must pass, as would a court of chancery, and its judgment must be equivalent to a decree. We need not add that such a decree by a chancellor would be final and conclusive.

We regard Treftz *v.* Pitts, 24 P. F. Smith 343, as conclusive of the case in hand. Mr. Justice SHARSWOOD, in delivering the opinion, says: "It was settled in Seitzinger *v.* Ridgway, 9 Watts 496, that in this state an action of ejectment upon an equitable title is a substitute for, and equivalent to, a bill in equity, and

[Winpenny v. Winpenny.]

that the verdict and judgment have all the conclusive effect which the decree of a chancellor would have. It was determined in Peterman v. Huling, 7 Casey 432, that this rule includes all equitable titles, and that it stands unaltered by any act of the legislature, the resolution of May 5th 1841 having been repealed by the 5th section of the Act of April 30th 1850."

It is true, that in Taylor v. Abbott, 5 Wright 352, it was held, that one verdict in ejectment was conclusive only in cases where the verdict was conditional, as for the payment of purchase-money. This rule was, therefore, held not to apply to a title under articles of agreement where the purchase-money had been fully paid. This, however, is a mistake, for it limits the rule to actions for purchase-money, and in effect reinstates the resolution of the 5th of May 1841, which, as Mr. Justice STRONG has shown, in Peterman v. Huling, was repealed by the Act of April 30th 1850.

Moreover, it is not necessary that a verdict should be conditional in order that it may have the effect of a decree, for this effect is produced rather by the subject-matter of the suit than by the form of the judgment.

Where an equitable title is the subject of controversy, that can only be disposed of through the equitable powers of the court, and its judgment, in such case, must necessarily have the force of a decree.

It is true, where the purchase-money has been fully paid, full specific performance cannot be enforced by a verdict, nevertheless that is done thereby which a chancellor must do before he decrees the execution of a deed, the rights of the parties are ascertained and determined, which by ejectment, at common law, cannot be done. But none the less is this defect exhibited in a conditional verdict, for the vendor may refuse to comply with it, and if he does, that is an end of the matter, for the court has no compulsory power over him. It thus appears that the defect resides not in the nature or character of the judgment of the court, but in its executive power. The judgment determines and settles all that a chancellor could determine and settle, but the judge has not the process to enforce his judgment that the chancellor has to enforce his decree.

Judgment affirmed.