**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, Plaintiff,**

**v.**

**READING COMPANY, Defendant.**

**Civ. A. No. 42178.**

United States District Court
E. D. Pennsylvania.

Jan. 31, 1968.

---

L. Carter Anderson, Philadelphia, Pa., for plaintiff.

Miles W. Kirkpatrick, Philadelphia, Pa., for defendant.

## OPINION

JOHN MORGAN DAVIS, District Judge.

Before the Court is a motion by the Reading Railroad to transfer this action to the United States District Court for the District of Columbia, in accordance with Section 1404(a) of the Judicial Code. In the alternative, the Reading seeks a stay of further proceedings in this suit pending the prosecution of a prior action in the District of Columbia between the same parties, and involving essentially the same issues.[1]

The central dispute in both actions involves the controversial question of whether locomotive firemen are required on diesel locomotives in certain circumstances. Specifically, there is a disagreement whether prior agreements, arbitration awards, and judicial decisions are determinative of whether firemen are required in the operation of a new kind of freight service which the Reading has instituted. Under this new system,[2] the Reading will transport the freight of a single shipper who requires from five to twenty freight cars by assigning a com-

---

1. Reading Company v. Brotherhood of Locomotive Firemen & Enginemen, Civil Action No. 3364–66. (D.D.C.).

2. Although the documents submitted for consideration by the Court do not state precisely when this service was instituted,

plete train to that shipper exclusively. The train proceeds as an "extra" movement on a non-scheduled basis, and at the convenience of the shipper, on a point-to-point basis.

## MOTION TO TRANSFER

For the convenience and interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Although we are convinced that the "convenience" of the parties, and the "interest of justice" would be best served by transferring this action to the District of Columbia for the reasons stated in the latter part of this Opinion, the plaintiff has correctly suggested that transfer is inappropriate, since the moving party has failed to establish that the action "might have been brought" in the transferee forum (District of Columbia).

In Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), the "might have been brought" provision of Section 1404(a) was construed to require a determination of whether the applicable *venue* statute would render the defendant amenable to suit in the transferee forum as of the time suit was instituted in the transferor forum.[3] To comply with this requirement, the Reading must establish that it was amenable to suit in the District of Columbia as of February 27, 1967, the date of com-

mencement of this lawsuit. This has not been accomplished. Under section 1391 (c) of the Judicial Code, venue is proper in any district in which the corporation is incorporated, licensed to do business, or is doing business.

■■■ The evidence submitted indicates that the Reading is incorporated in Pennsylvania, and maintains its headquarters and principal place of business in Philadelphia.[4] In addition, there has been no demonstration that it is "doing business" in the District of Columbia, although this point was expressly raised by the plaintiff in his brief and on oral argument, and uncontroverted by the defendant. Since the defendant has not met its burden as the moving party of establishing that this action may have been brought in the District of Columbia, the motion to transfer under section 1404 (a) must be denied.[5]

## MOTION TO STAY FURTHER PROCEEDINGS

An examination of the history of this conflict is relevant to the question of whether this Court should favorably consider the defendant's motion to stay further proceedings in this District, pending the prosecution and ultimate decision in the previously filed District of Columbia action.

On November 26, 1963, an arbitration award was promulgated which authorized the elimination of most of the firemen's

---

the Reading entered into agreements with other unions regarding this new service as early as September, 1966.

3. The Court cited with approval, the dissenting opinions of Judges Hastie and McLaughlin in Paramount Pictures, Inc. v. Rodney, 186 F.2d 111 (3rd Cir. 1951): "Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."

4. In its answer, (document 5), the defendant admitted paragraph 3 of the Complaint that "defendant is a Pennsylvania Corporation and is a railroad carrier of freight and passengers. Defendant has

its headquarters and principal office in Philadelphia, Pennsylvania."

5. Any contention that the prior action instituted by the defendant in the District of Columbia constitutes a waiver of venue objections must be rejected. This was considered in Hoffman v. Blaski, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) where the Court stated that " * * * [t]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action "might have been brought" by the plaintiff.

positions on deisel locomotives.[6] On appeal, the award was affirmed, in Brotherhood of Locomotive Firemen & Enginemen v. Chicago, B. & Q. R. Co., 225 F. Supp. 11 (D.D.C.1964) in an opinion by Judge Holtzoff.[7] A dispute then arose as to whether the rules *prior* to the award would be reinstated, thereby again requiring the extensive use of firemen, or as the carriers contended, whether the rules as *modified* by the award would remain in effect until again reviewed. This limited question was again considered by Judge Holtzoff, in Bangor & Aroostock R. Co. v. Brotherhood of Locomotive Firemen & Enginemen, 253 F. Supp. 682 (D.D.C.1966), who held that the effect of the Arbitration Award was that "a new status had been created and no change may be made in that status except by agreement or by the service of notices under Section 6 of the Railway Labor Act * * *" id, at 686. However, the Brotherhood has challenged the interpretation which the Railroads have placed upon Judge Holtzoff's opinion regarding the "new status."[8] In addition, there is a question as to whether the arbitration award and subsequent decision by Judge Holtzoff encompasses the new freight program which the Reading has instituted. To clarify this question, the Reading instituted a suit in the District of Columbia in December of 1966, two months before the present action in this District.[9]

■ Essentially, the exercise of the power to stay further proceedings according to Justice Cardozo,

"is incidental to the power inherent in every Court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."

Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

■ As a general rule, the action which is first commenced would be given priority. Mays v. Oxford Paper Co., 195 F.Supp. 414 (E.D.Pa.1961). Camero v. McNamara, 222 F.Supp. 742 (E.D.Pa. 1943). However, a Court should not simply ascertain which suit has been filed first, and mechanically stay the later action; the more significant consideration is "whether the relief sought can be 'more expeditiously and effectively afforded'" in one forum in comparison to the other. Kerotest Mfg. Co. v. C–O Two Fire Equipment Co., 189 F.2d 31 (3rd Cir. 1951), citing Crosley Corp. v. Westinghouse Electric & Mfg. Co., 130 F.2d 474, 475 (3rd Cir. 1942).

■ An examination of the complaint which was filed in the earlier District of Columbia action [10] indicates that the central issue is identical to the instant case. In addition, the parties are the same, but reversed. Although the plaintiff has indicated that trial in the District of Columbia will require the transportation of witnesses, we are not convinced that this would constitute sufficient basis for disregarding the recognized scheme of priority. Two of the three witnesses which the plaintiff has listed in his brief who will allegedly be inconvenienced by a suit in the District of Columbia are officers of the defendant railroad. Consequently, if this would constitute any hardship, it would more significantly fall upon defendant, who has indicated a preference for the District of Columbia by instituting an earlier action in that jurisdiction.

We are persuaded by the fact that the District of Columbia, and Judge Holtzoff

---

6. Arbitration Board No. 282, appointed pursuant to Public Law 88–108, 77 Stat. 132, 45 U.S.C.A. § 157 et seq.

7. This was affirmed in 118 U.S.App.D.C. 100, 331 F.2d 1020 (1964), cert. denied in 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed. 2d 187 (1964).

8. See exhibit 0 to the affidavit of Vance W. Bigelow, (document 7) - filed April 11, 1967.

9. The complaint was filed on February 27, 1967, although the defendant erroneously states in his brief that it was filed on March 17, 1967.

10. A copy of the complaint appears as an inclosure to document 6.

**952**

in particular has participated to a large degree in the formulation of an equitable and workable solution to the entire conflict between the railroads of the United States, and the Brotherhood of Firemen and Enginemen. We do not dispute that this Court is just as capable to resolve this narrow issue. But an examination of the prior and pending litigation between the railroads and firemen leads to the inevitable conclusion that the action before this Court is but one facet in the bitter dispute which has been raging through the administrative agencies and the courts regarding the general requirement for firemen on the more modern locomotives. By consolidating the actions into one central tribunal wherever possible, thereby achieving a greater degree of uniformity, the interests of the public who may be properly characterized as the real parties of interest in disputes of this nature, will best be served.