## Ramco Corporation v. Colt Industries, Inc.

*Lewis Weinstock* and *William H. Rivoir*, for plaintiff.

*Thomas A. Masterson*, for defendant.

SUGERMAN, *J.*, October 9, 1975—On October 2, 1973, Colt Industries, Inc., defendant herein ("Colt"), filed a complaint in equity in this court against Ramco Corporation ("Ramco"), plaintiff herein.[1] On February 4, 1974, four months later, Ramco filed a complaint in ejectment against Colt, captioned as above. Colt thereupon filed timely preliminary objections to Ramco's complaint in the nature of a petition to stay the action until final disposition of the earlier action, as well as objection to alleged misjoinder of claims for damages in Ramco's complaint.

In the earlier action, Colt, in its complaint in equity, seeks specific performance of an option to purchase real estate allegedly granted to it in a lease agreement made by and between Colt, as lessee, and Ramco, as lessor. In the equity action, Colt further alleges that by reason of its exercise of the option, equitable title to the real estate has vested in it.

Ramco, by its answer filed to the Colt complaint, asserts that the option granted to Colt was extinguished prior to Colt's attempted exercise thereof, when Ramco gave Colt notice of an offer to purchase the real estate made by a third party. The litigation continues and has not yet been tried.

---

1. Docketed in this court as Colt Industries, Inc. v. Ramco Corporation et al., 2639—1973, and presently pending.

Colt, apparently firm in the position it asserted in its complaint, remains in possession of the real estate. While in such possession, Ramco, as noted, filed suit against Colt in ejectment, seeking an order removing Colt from the real estate and returning possession to Ramco.

Colt, in seeking to stay Ramco's ejectment action until final disposition of its earlier equity action against Ramco, asserts that a judicial resolution of the earlier action will be dispositive of all issues involved in the ejectment action.

It is clear that if Colt establishes its asserted equitable title to the real estate in its equity action against Ramco, then Ramco cannot prevail in the instant proceeding in ejectment. Equitable title is a good defense to an action in ejectment: Brolaskey v. McClain, 61 Pa. 146 (1869). See also Dutton's Estate, 208 Pa. 350, 57 Atl. 719 (1904). Moreover, where an owner sues at law on his legal title, and defendant asserts an agreement of sale by way of defense, the action becomes an equitable one: Calhoun v. Hays, 155 Pa. Superior Ct. 519, 39 A. 2d 307 (1944). Further, as Justice Cardozo said in Landis v. North American Co., 299 U. S. 248, at 254-55, 81 L. Ed. 153 (1936), reiterated by the District Court for the Eastern District of Pennsylvania in Brotherhood of Locomotive Firemen and Enginemen v. Reading Co., 279 F. Supp. 948, at 951 (E. D. Pa., 1968):

"[The exercise of the power to stay further proceedings] 'is incidental to the power inherent in every Court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for the litigants.' "

Lastly, in the event Colt prevails in its prior action against Ramco, and Ramco is directed to convey

the real estate to Colt, the ejectment action will become moot and trial thereon will be unnecessary, thus avoiding further expenditure of public and private funds and the time and energies of judges, counsel, litigants and witnesses alike.

It is unlikely that the staying of the ejectment action will prejudice Ramco or impose upon it a greater burden than it already bears as a consequence of the litigation now pending against it as instituted by Colt. In the event Colt fails to establish its alleged equitable title, Ramco may then proceed in the ejectment action and recover therein the fair rental value it seeks, accruing to the date of the judgment. Ramco alleges in its complaint in ejectment that unless it recovers possession of the real estate it will be unable to complete settlement with its third-party purchaser. In reality, however, the act of indexing and docketing Colt's complaint against Ramco in the appearance docket must, in itself, encumber Ramco's title to the point of unmarketability.

Both counsel and the court have failed to discover appellate authority on the question here in an identical factual setting. Counsel do, however, direct our attention to two decisions in the common pleas on facts similar to those at bar.

In the first of these, Koppenheffer v. Humble Oil & Ref. Co., 40 D. & C. 2d 259 (1966), plaintiff sued in ejectment, asserting legal title and seeking possession on the ground that a lease between plaintiff's predecessor and defendant had expired. Defendant had earlier instituted an action in equity against plaintiff's predecessor, seeking specific performance of an option granted to it by the lease to purchase the premises. Defendant preliminarily objected to plaintiff's action in ejectment, seeking,

in the alternative, a dismissal thereof or a stay pending disposition of the prior action in equity. The Dauphin County court, speaking through the late Judge Carl B. Shelley, dismissed the preliminary objections, holding:

"It is the contention of defendant that an adjudication of the equity proceeding would be a determination of the dispute in the ejectment proceeding and that plaintiffs' action in ejectment should be dismissed or stayed pending a final determination of the equity action. With this contention, we cannot agree. The claims arising from the equity action and the ejectment proceeding are essentially distinct and rest on different grounds"; and further:

"Ejectment is on the law side of the court, and the complaint in equity asking for specific performance is on the equity side of the court"; and finally:

"Where two claims are essentially distinct and rest on different grounds, each must be adjudicated separately and without reference to the other . . . (citations omitted)."

We are not persuaded that the reasoning of the Dauphin County Court may properly be applied here. Firstly, referring again to Calhoun v. Hays, supra, the Superior Court of Pennsylvania said, at page 527:

". . . The defendants requested a deed in accordance with [an agreement of sale between the plaintiffs and the defendants]. The plaintiffs refused to give a deed and brought an action of ejectment for the lot . . .

"The defendants properly pleaded their equitable title under the agreement of sale: [citation omitted]. *The action thereupon became one in equity . . . if*

*the plaintiff brings an action on his legal title and the defendant sets up a contract of sale as a defense, the action becomes an equitable one . . ."* (emphasis supplied).

Nextly, as we have noted, the question of Colt's equitable title is clearly at issue in both actions. In Colt's action against Ramco for specific performance, it forms the basis and the very essence of the litigation. If Colt can establish such equitable title, it should prevail. If it does not, it cannot prevail. In Ramco's action against Colt, if Colt again cannot establish such equitable title, Ramco should prevail. If Colt can establish such title, Ramco cannot prevail. We do not find the two claims "essentially distinct" and resting on "two different grounds." Both actions will be in equity in the event Colt, as it surely must, raises its alleged equitable title as a defense in the ejectment action, and both actions revolve about the central issue of such equitable title.

Counsel for Colt cite to the court Trubiani v. Kenosha Auto Transport Corporation, decided by the Lancaster County Court of Common Pleas at 62 Lanc. 438 (1970). The Trubianis brought an action in ejectment against Kenosha, seeking to recover possession of premises in the possession of Kenosha. Kenosha preliminarily objected, seeking, inter alia, a stay of the ejectment action pending the disposition of a prior, pending action in equity brought by Kenosha against the Trubianis, wherein Kenosha asked the court to declare that it had effectively exercised an option to renew its lease with the Trubianis and was lawfully in possession under the lease.

The stay was granted, the court holding pertinently, at page 439:

". . . It is felt that the Court can adjudicate all the issues between the parties herein in the aforesaid equity action"; and further, at the same page:

". . . if Kenosha is unsuccessful in its equity action and said equity action does not dispose of all the issues in this case . . .", the ejectment action might then proceed. We believe such reasoning to be sound and adopt it here. Accordingly, we shall reserve a decision on Colt's second ground for preliminary objection and pass on the issue at a later time.

In passing, we note Pa.R.C.P. 213(a), permitting the court on its own motion or on the motion of any party, to order a joint trial when actions involving a common question of law or fact are pending. Neither party has so moved, and the court will not order a joint trial of the two actions on its own motion, although we believe common issues are involved, for several reasons. Firstly, consolidation will still result in two trials. Secondly, if Colt's second preliminary objection to Ramco's complaint in ejectment alleging misjoinder of claims is sustained, yet a third suit may be commenced. Accordingly, we must and do enter the following

## ORDER

And now, October 9, 1975, defendant's preliminary objections seeking a stay of the within action in ejectment on the ground of prior litigation pending are sustained; and the said action is hereby suspended and shall so remain until disposition of the action in equity docketed as Colt Industries, Inc. v. Ramco Corporation at 2639—1973 in equity, in the Court of Common Pleas of Chester County, and all proceedings in the within action in ejectment shall stay during the pendency of the said action in equity.