**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff,**

**v.**

**Doris A. CASSEL; Randall L. Cassel; James E. Johnman, Sr.; Karen E. Johnman, Jr., individually; James E. Johnman, Jr., a minor, by James E. Johnman, Sr. and Karen L. Johnman, his parents and natural guardians, Defendants.**

**Civ. A. No. 1:CV-94-691.**

United States District Court, M.D. Pennsylvania.

Sept. 27, 1994.

Jered L. Hock, Metzer, Wickersham, Knouse & Erb, Clark DeVere, Harrisburg, PA, for plaintiff.

Gary Lysaght, Anthony T. McBeth, Harrisburg, PA, for defendants.

*MEMORANDUM*

CALDWELL, District Judge.

I. *Introduction.*

This is a diversity action controlled by Pennsylvania law. The plaintiff is Nationwide Mutual Fire Insurance Co. ("Nationwide"). The defendants are Randall L. Cassel and Doris A. Cassel, husband and wife, its insureds under a homeowners policy; James E. Johnman, Sr. and Karen L. Johnman, husband and wife; and James E. Johnman, Jr., their minor child. Nationwide seeks a declaratory judgment that its policy does not cover Randall L. Cassel for his sexual abuse of the minor Johnman.

We are considering the Johnman defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), requesting dismissal of the action or, in the alternative, a stay of proceedings. They base their motion primarily on the ground that the coverage issue is unsettled under Pennsylvania law and that we should therefore leave the issue to the state courts.

II. *Background.*

On May 12, 1994, Nationwide filed its complaint, alleging that it issued a homeowner's policy to the Cassels in 1987, covering them for damages they are legally obligated to pay for bodily injury to others but excluding payment for injury "expected or intended by the insured." (complaint, ¶¶ 9–13). Despite the exclusion, the Johnman parents are seeking to recover under the policy for Randall Cassel's sexual abuse of the minor Johnman. (*Id.*, ¶ 17). This abuse started about January of 1990, (*id.*, ¶ 14), and the minor eventually reported it to the police about April 26, 1993. (*Id.*).[1] Nationwide seeks declaratory relief under *Wiley v. State Farm Fire & Casualty Co.*, 995 F.2d 457 (3rd Cir.1993), in which the Third Circuit predicted that the Pennsylvania Supreme Court, in accord with the majority rule, would decide that there is no coverage for sexual assault of a minor under a

1. The complaint alleges that criminal charges are pending against Randall Cassel, but the Johnmans allege in their state court complaint (discussed later in this memorandum) that he is currently imprisoned.

policy excluding the insurance company's liability for intentional acts.

On July 15, 1994, about two months after Nationwide's action, the Johnmans filed suit in the Court of Common Pleas of Dauphin County, Pennsylvania. In count I of the complaint the minor Johnman seeks damages against Randall Cassel for emotional injuries based on Cassel's "negligent failure to seek and obtain professional treatment" for his pedophilia. (state court complaint, ¶¶ 13 and 14), attached as an exhibit to the Johnman's motion. In count II the Johnman parents seek damages against Randall Cassel for money spent on psychological services for the entire family, also based on Cassel's "negligent failure to seek and obtain professional treatment" for his pedophilia. (*Id.*, ¶¶ 16 and 18). In count III all of the Johnmans seek a declaratory judgment against Nationwide and the Cassels that Nationwide's policy covers Randall Cassel's conduct.

III. *Discussion.*

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts have the discretion to issue declaratory judgments in cases within their subject matter jurisdiction. *United States v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 923 F.2d 1071 (3rd Cir.1991). When exercising that discretion, the Third Circuit has said that courts should consider the following factors:

> (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies.

*Terra Nova Insurance Co., Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213, 1224 (3rd Cir.1989) (quoted case omitted).

This is not a mandatory check list, and when some of these factors are absent in a particular case, they can be ignored. *See Commonwealth of Pennsylvania, Department of Environmental Resources, supra,* 923 F.2d at 1077 n. 9. The Third Circuit has also noted that the court should "prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Terra Nova,* 887 F.2d at 1225.

More specific to the case at bar, the Supreme Court has said that, in a suit not governed by federal law, the court should consider whether a state court suit between the same parties presents the same issues and whether they could be better settled in that court. *See Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

In moving to dismiss, the Johnmans concentrate on the *Brillhart* factors. They point out that their state court action involves the same parties and, because of the declaratory judgment count, the same issues. Crucially, those issues are unsettled under state law. Under these circumstances, they argue that the better forum is the common pleas court because federal courts should allow state courts to determine the substance of state law. They cite in their support *Zurich Insurance Co. v. Alvarez,* 669 F.Supp. 307 (C.D.Cal.1987) (refusing to grant declaratory relief to the plaintiff insurance company on a coverage issue because, in part, the case involved unsettled matters of state law). Accordingly, we should refuse to issue declaratory relief.

In opposition, Nationwide makes numerous points, but we do not see the need to address each one. In seeking to have us resolve its complaint on the merits, the plaintiff chiefly argues the following. First, federal courts, seeing an advantage in providing parties with an understanding of their rights and obligations, will generally grant declaratory relief in cases involving insurance coverage even though a state court suit against the insured on the underlying claim has not been resolved. *See ACandS, Inc. v. Aetna Casualty and Surety Co.,* 666 F.2d 819 (3d Cir. 1981). Second, contrary to the Johnmans' position, an unsettled issue of state law "is an insufficient justification to decline jurisdiction," citing *Peerless Wall Paper & Paint Co. v. Manufacturers Life Insurance Co.,* 190 F.Supp. 214 (W.D.Pa.1960). Third, this action should be given priority because it was filed first, and, fourth, the declaratory judg-

ment count in the state court action is simply "procedural fencing" by the Johnmans which the court should not tolerate.

Finally, Nationwide loosely relies on the general framework outlined in *Terra Nova.* First, the issues are not the same—if the federal declaratory judgment action is compared only to the underlying liability claim in the state court. Second, if we decide the declaratory judgment action, it will resolve the uncertainty of obligation which gave rise to the action. Third, the considerations set forth in the second factor are at most neutral here. Either court would serve the convenience of the parties since the federal and state courts are in the same city, and there is no public interest because *Wiley* has already settled an insurer's obligation in these circumstances. The plaintiff is silent on the fourth *Brillhart* factor, the availability of other remedies.

■ We agree with the Johnmans' analysis. In addition to the other factors they rely on, an unsettled issue of state law has always been a decisive factor in declining to exercise jurisdiction in a declaratory judgment action. For example, in *United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259 (8th Cir.1994), the insurance company filed a federal declaratory judgment action against its insured seeking a declaratory judgment that its policy did not cover four environmental claims. A few months later, the insured filed for a declaratory judgment in state court naming the company and its other insurers as well. The district court stayed the action on motion of the insured. On appeal, the Eighth Circuit affirmed. Among other factors for refusing to hear the case, the court noted that it involved difficult questions of state law. *See also Monticello Insurance Co. v. Baecher*, 857 F.Supp. 1145 (E.D.Va.1994) (court refused to entertain declaratory judgment action when it would be forced to decide unsettled issues of Virginia law concerning the scope of a pollution exclusion clause and the existence of an occurrence under the policy triggering coverage); *Aetna Casualty & Surety Co. v. Pellecchia*, 1991 WL 101457, at *2 (E.D.Pa.1991) (refusing to entertain a declaratory judgment action attacking a state court arbitration award when, in part, the "insurance coverage question at issue forms part of a complex, uncertain, and rapidly developing area of Pennsylvania state law which state courts have a vested interest in addressing.").

We note here that the state law issue presented in this case is not the same as the issue in *Wiley.* In the latter action, the question was whether there was coverage when the insured denied a specific intent to harm the minor or denied having the mental capacity to form that intent. In the instant case, the question is whether there is coverage when the insured negligently failed to obtain treatment for his pedophilia. Nevertheless, *Wiley* is relevant here because plaintiff asserts that the Johnmans' claim, phrased in terms of negligence, is an attempt to evade that decision and that *Wiley* controls the coverage issue here. In any event, we believe the claim that Cassel negligently failed to seek treatment is itself a novel, and hence, unsettled issue of state law which the state courts should address.

■ Nationwide's opposition arguments are not persuasive, and we address them in the order presented above. First, while it is generally true that a federal court can reach the merits of a declaratory judgment action even though the underlying claim is being litigated in state court, the general rule should not apply when unsettled issues of state law are present.

Second, it is not true that an unsettled issue of state law is an insufficient reason to refuse to entertain a declaratory judgment action. The sole case cited by plaintiff in support of this contention, *Peerless Wall Paper,* was an action by the insureds to recover the proceeds of some insurance policies, not a declaratory judgment action. Because the Act gives a federal court discretion to refuse to entertain the latter type of action, *see Terra Nova, supra,* 887 F.2d at 1222, our usual "unflagging obligation ... to exercise the jurisdiction given" us is absent. *Id.* (quoted case omitted).

Third, this action does not have priority just because it was filed first. Rather, we must take into account the relative progress of each litigation. *See United States Fidelity*

*and Guaranty Co., supra*, 21 F.3d at 263. Thus, even though this case was filed some two months before the state court action, because the two actions are relatively equal at this point in being able to address the plaintiff's claim, we will defer to the state action for the reasons stated above. We also note that the cases cited by plaintiff in its support are distinguishable. The first two, *Brotherhood of Locomotive Firemen v. Reading Co.*, 279 F.Supp. 948 (E.D.Pa.1968), and *Mays v. Oxford Paper Co.*, 195 F.Supp. 414 (E.D.Pa.1961), both involved parallel actions in two federal courts, and in any event, *Brotherhood of Locomotive Firemen* recognized that the "first filed" rule should not be mechanically applied. The third, *Metropolitan International, Inc. v. Alco Standard Corp.*, 657 F.Supp. 627 (M.D.Pa.1986), involved a state court action that did not present the same claims as the federal one.

Fourth, while the declaratory judgment count in the state court complaint may be procedural fencing by the Johnmans, their motive is irrelevant because, regardless of their reason for seeking a state forum, this case nevertheless belongs in state court because of the unsettled state law issue involved. In any event, any ulterior motive on the part of the defendants has been matched by Nationwide which obviously sought this federal forum to take advantage of the *Wiley* ruling for res judicata purposes, an improper reason under *Terra Nova*.

Turning to the plaintiff's argument based on the general framework in *Terra Nova*, we reject the first argument that the cases are not identical. This argument conveniently ignores the declaratory judgment count in the state action. The cases do in fact present the same controversy. We also disagree with Nationwide's contention that the convenience of the parties is a neutral factor here. If we leave the matter to the state court, all the claims, including those against the alleged perpetrator, can be resolved in one forum. In this regard, Nationwide does not assert that there are any impediments to state court adjudication of its claim. *See Brillhart, supra*. We also cannot agree with the plaintiff that the public-interest factor is neutral here, at least for the reason it gives, which is that *Wiley* resolved the state law issue. To the contrary, *Wiley* was just a prediction of state law.

■ Even if the general framework in *Terra Nova* indicated that we should entertain the declaratory judgment action, because this case involves an issue of state law, we should also consider whether elements of federalism, efficiency and comity indicate that we should not rule on the merits of plaintiff's claim. *See Nautilus Insurance Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir.1994). All three of these factors indicate we should not; federalism, because "[t]here exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case," *Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir.1992) (brackets added); efficiency, because the presence of the declaratory judgment count in the state court complaint means that all the issues can be decided in one forum; comity, because our consideration of the declaratory judgment action would interfere with the state court proceedings on the same issue.

These three factors, strongly indicating that we should not exercise jurisdiction, are rendered decisive when the unsettled nature of the state law issue is considered. As we noted above, state courts should be allowed to determine the substance of state law. They cannot do so if litigants are dragged into federal court, where they can obtain only a prediction of how the state's highest court would rule. In this regard, we concur with the following comment:

> State courts have a particularly compelling interest in deciding issues raised in a declaratory judgment action if the action is governed solely by state law. *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir.1992). Not only do federal courts lack a compelling interest in deciding issues of state law, the federal courts' role in shaping state law is one which some judges have advocated should be limited. Federal courts' unnecessary forays into state law erode the "state courts' sovereign right and duty to develop state law." Delores K. Sloviter, *A Federal Judge Views Diversity Jurisdic-*

*tion Through the Lens of Federalism,* 78 Va.L.Rev. 1671 (1992).

*McDowell Oil Service v. Interstate Fire and Casualty Co.,* 817 F.Supp. 538, 545 (M.D.Pa. 1993) (McClure, J.).

We will issue an appropriate order. In doing so, we will dispose of the Johnmans' motion for appointment of an attorney for the Cassels, which has been rendered moot by our decision not to exercise jurisdiction.

*ORDER*

AND NOW, this 27th day of September, 1994, it is ordered that:

1. The Johnman defendants' motion to dismiss is granted and this action is hereby dismissed.

2. The Johnmans' motion for appointment of an attorney for the Cassels is dismissed as moot.

3. The Clerk of Court shall close this file.