

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2002

# Unionamerica Ins Co v. Nufab Corp

Precedential or Non-Precedential:

Docket 1-2375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Unionamerica Ins Co v. Nufab Corp" (2002). *2002 Decisions*. Paper 190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2375
_____

UNIONAMERICA INSURANCE CO., LTD

v.

NUFAB CORP, t/d/b/a Gothum; THE NEW CITY;
EIGHTH FLOOR INC, t/d/b/a THE EIGHTH FLOOR
NIGHTCLUB AND CIAO RISTORANTE,

Appellant
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 99-cv-06542

Magistrate Judge: Honorable Arnold C. Rapoport
_____

Argued: March 4, 2002

Before: SCIRICA, ROSENN, Circuit Judges, and WARD, District Judge.

(Filed:  March 19, 2002 )

Anthony Granato (Argued)
Dante Mattioni
Mattioni Limited
399 Market Street, Suite 200
Philadelphia, PA 19106
     Counsel for Appellant

Carl D. Buchholz, III (Argued)
Rawle & Henderson
One South Penn Square
The Widener Building
Philadelphia, PA 19107
     Counsel for Appellee

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.
     Terminal Industrial Corporation and Mount Corporation (hereinafter jointly

referred to as Terminal) owns several warehouses in Philadelphia, Pennsylvania. Terminal leased the eighth floor of one of the warehouses as a restaurant and night club to Eighth Floor, Inc. Subsequently, Terminal leased the ground floor of an adjacent warehouse it owned to Nufab Corporation, trading as Gothum (hereinafter Gothum), also as a night club. Gothum staged special events which allegedly attracted large and unruly crowds of young people that rendered Eighth Floor's premises inaccessible to its patrons and severely and adversely affected its business. Eighth Floor filed a complaint in the Court of Common Pleas of Philadelphia County, charging Gothum with creating and maintaining a nuisance that interfered with Eighth Floor's use of its leased premises and the development of its business. The complaint sought injunctive relief and damages from Gothum and Terminal.

Unionamerica Insurance Company, LTD. (Unionamerica or insurer), a foreign corporation, had issued a commercial general liability policy (Policy) to Gothum and Diamond Insurance Company (Diamond) had also insured Gothum. When Diamond requested Unionamerica to assume partial responsibility to defend and for any potential liability, Unionamerica applied to the United States District Court for the Eastern District of Pennsylvania for a declaratory judgment that it had no duty to defend under the policy and that the allegations in the Eighth Floor complaint in the state court were beyond the scope of the terms of the general liability policy. Unionamerica also asserted that coverage for the allegations in the underlying complaint was excluded by various exceptions in the policy. The District Court granted Unionamerica's motion for summary judgment on the ground that the Eighth Floor alleged only one incident that occurred during the applicable policy period, which incident was excluded from coverage by the "Assault and Battery Endorsement." We affirm in part and reverse in part.

I.

Before we review the propriety of the District Court's decision entering summary judgment for the insurer, we consider the threshold question whether the District Court should have exercised jurisdiction over these declaratory judgment proceedings. The

Declaratory Judgment Act, 28 U.S.C.  2201 empowers federal courts to grant
declaratory relief and this court has emphasized that the exercise of this declaratory relief
power is discretionary.  State Auto Ins. Co. v. Summy, 234 F.3d 131,133 (3d Cir. 2000);
Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1222 (3d Cir. 1989).

Eighth Floor, on appeal, advances several strong reasons why the District Court
should not have exercised jurisdiction and that the exercise amounted to an abuse of
discretion.  It points to the absence of any federal question or interest in this litigation,
that the issue is one of state law, that the underlying proceedings are pending for trial in
the state court, and that the court there had pending before it a proceeding for a
declaratory judgment by the insurer, Diamond.  We are also reminded that the
proceedings in this court unnecessarily compel Eighth Floor to litigate in both the state
court and in the federal court.  Although the reasons asserted are persuasive, they
regrettably were not raised in the District Court.  In light of the discretionary power of the
District Court and the failure to raise objections in the District Court, we conclude that the
District Court did not abuse its discretion in exercising jurisdiction.

## II.

The major issue raised by Eighth Floor on its appeal concerns the entry of
summary judgment by the District Court in favor of the insurer.  Eighth Floor's state
court complaint alleges, inter alia, that Gothum, having initially operated its night club in
a generally acceptable and responsible manner, thereafter changed its front entrance
making it adjacent to the entrance to Eighth Floor and "appealed to a young and unruly
clientele who could only be controlled by the presence of large numbers of police and
private security personnel" which the defendants never provided.  Eighth Floor also
alleged that it sought Gothum's cooperation to redesign its entrance and create a safety
zone for Eighth Floor's patrons and employees to gain access to and egress from its
leased premises but the defendants rejected such proposals.

Eighth Floor further alleged that: (1) "[e]mployees and patrons of Eighth Floor
have regularly been subjected to harassment, intimidation, name calling and the sheer

negative impact of the extremely large crowds of largely uncontrolled people ranging generally in age from about 21 to 26 years of age"; and (2) "[w]ith as many as 1,000 patrons waiting outside during a performance, the crowds have quickly become uncontrolled, and there have been many fights, pushing and shoving, open drinking and incidents of improper behavior, with insults and name calling to patrons of the Eighth Floor when they attempted to gain entrance to Eighth Floor."  As an illustration only of such behavior, Eighth Floor alleged that on August 4, 1995, a Gothum patron approached the front door of Eighth Floor "waving a gun and verbally threatened" one of its employees and on August 9, 1997, three Eighth Floor patrons were "gunned down by a patron of Gothum."

In entering summary judgment for the insurer, Unionamerica, the District Court found that the sole incident raised in the underlying state court action during the policy's coverage period was excluded by the Assault & Battery Exclusion of the policy.  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Our review of the grant of summary judgment is plenary and we apply the same standard as the lower court should have applied.  Chisolm v. McManimon, 275 F.3d 315, 321 (3d Cir. 2001); Lighting Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1167 (3d Cir. 1993).  In conducting such a review, the facts are viewed in the light most favorable to the non-moving party and the non-moving party is entitled to all reasonable inferences.  Chisolm, 275 F.3d at 321.

Both sides agree that Pennsylvania law governs the interpretation of the insurance policy.  An interpretation of an insurance contract is a question of law for the court.  Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997) (citing Standard Venetian Blind Co. v. American Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983)).  Further, both sides acknowledge that in the insurance context, two separate duties    duty to defend and duty to indemnify    exist.  Erie Ins. Exch. v. Transamerica Ins. Co., 533

A.2d 1363, 1368 (Pa. 1987) ("The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage."). However, "[a]n insurer has a duty to indemnify its insured only if it is established that the insured's damages are actually within the policy coverage." Lucker Mfg., A Unit of Amclyde Engineered Products, Inc. v. The Home Ins. Co., 23 F.3d 808, 821 (3d Cir. 1994). Thus, there must be a duty to defend before there is a duty to indemnify.

Under the governing law, an insurance company is obligated to defend an insured

whenever the allegations in a complaint filed against the insured potentially fall

within the policy's coverage. This duty to defend remains with the insurer until

facts sufficient to confine the claims to liability not within the scope of the policy

become known to the insurer.

Id. at 813 (citations omitted). Before considering whether there is a duty to defend, however, under Pennsylvania law, the coverage of the policy is determined first. Id. at 813-14 (citing Erie Ins. Exch., 533 A.2d at 1368) (construing terms of policy first and then determining if facts alleged in complaint if proven would come within policy scope as construed).

Unionamerica contends that the Policy does not cover any of the allegations asserted in the underlying state complaint. It boldly asserts that "Eighth Floor makes no allegations against [Gothum] of . . . property damage that fall within the Policy's definition." The Policy, however, and this Court's decision in Lucker are to the contrary. The Policy provides coverage not only for bodily injury and personal injury, but also for commercial property loss, and of most relevance here, property damage. Property damage is defined in the Policy as:

a. Physical injury to tangible property, including all resulting loss of use of

that property. All such loss shall be deemed to occur at the time of the

physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss

of use shall be deemed to occur at the time of the "occurrence" that caused

it.

(emphasis added).

Eighth Floor contends that it sustained property loss because Gothum created a nuisance that denied its employees and more importantly, its patrons of the use of the business premises.  This, in turn, undermined Eighth Floor's ability to sell its products, i.e food, beverages and entertainment to its customers.  In interpreting a similar "loss of use" provision in a Pennsylvania insurance contract, this Court held that "loss of use" included lost non-physical or economic use of the property.  Lucker, 23 F.3d at 814-18, 815 n.6.

Next, we must determine whether the allegations in the complaint filed against the insured Gothum potentially fall within the Policy's coverage.  Id. at 814.  The District Court held that coverage was not triggered because the sole incident alleged, an assault on an Eighth Floor employee, in the underlying complaint occurring during Unionamerica's coverage period was excluded by the Assault and Battery Exclusion.  Further, it reasoned that "as there is no evidence pled of any question that specifically existed during the pendency of this insurance policy, the plaintiff's motion for summary judgment must be granted."

The District Court, however, seems to have seized on the illustrative incident set forth in the complaint as indicative of the nature of the entire complaint.  The allegations to which we have referred above unequivocally allege a nuisance claim.  The complaint alleges that the conduct at issue was ongoing from 1993 through 1997.  The allegations in the complaint at the very least potentially fall within the policy's coverage and obligate the insurance company to defend.  "This [obligation] to defend remains with the insurer until facts sufficient to confine the claims to liability not within the scope of the policy become known to the insurer."  Id. at 813.  We are also not persuaded on the present record that the Expected/Intended Injury Exclusion relieves Unionamerica from its duty to defend.  Thus, in light of the result we reach, we do not decide the question of the duty to indemnify and leave it for the District Court to address on a more developed record.

                              III.
In summary, the District Court committed no error in exercising jurisdiction.

However, the same cannot be said with respect to the entry of summary judgment.  The
judgment will be reversed, and the case remanded to the District Court for further
proceedings not inconsistent with this opinion.  Costs taxed against the appellee.

TO THE CLERK:

Please file the foregoing opinion.


                                        /s/ Max Rosenn
                                        Circuit Judge