**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2265

———————

ESURANCE INSURANCE COMPANY,
                                                    Appellant

v.

LAVADA BOWSER; CAROL HARVEY

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-05739)
District Judge: Honorable J. Curtis Joyner

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 18, 2018

Before: SMITH, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Opinion filed: January 23, 2018)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

After Appellant Esurance Insurance Company ("Esurance") sought a declaratory judgment in the District Court that it has no duty to defend two of its policyholders in a state court tort action, the District Court declined to exercise jurisdiction and dismissed the action on the ground that the underlying state action was a "parallel proceeding" to which the federal courts should defer in the interests of comity and efficiency, under *Reifer v. Westport Insurance Corp.,* 751 F.3d 129, 146 (3d Cir. 2014). While Esurance raises compelling arguments as to why the state tort action is not "parallel" to a federal coverage action, we need not resolve that issue because following the District Court's order, Esurance filed an action in state court seeking a declaration on its duty to defend— an action that unquestionably does qualify as a parallel proceeding. We therefore will affirm the order of the District Court.

## I. Background

In 2015, Esurance issued a homeowner's insurance policy to Appellee Lavada Bowser. When Bowser and Carol Harvey were then sued for negligence, assault and battery, and child endangerment concerning foster children in their care, Esurance assumed defense of those claims in state court with a reservation of rights and also filed suit in federal court under the Declaratory Judgment Act, 28 U.S.C § 2201, seeking a declaration that it had no duty to indemnify these policyholders in the underlying state action.

On March 17, 2017, the District Court issued an order declining to exercise jurisdiction over the action and dismissing it "without prejudice to Plaintiff's ability to

2

seek a declaration in state court." App. 4-5. It then denied Esurance's motion for reconsideration, primarily on the ground that the underlying state tort litigation constituted a proceeding "parallel" to the federal declaratory action, and the existence of such a 'proceeding "'militate[d] significantly' in favor of declining jurisdiction," under our precedent. App. 9 (citations omitted). Esurance timely appeals.[1]

## II.    Discussion

As a general matter, the Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a), but in *Reifer v. Westport Insurance Corp.*, we identified a number of factors district courts should consider in determining whether to exercise jurisdiction, emphasizing "a general policy of restraint when the same issues are pending in a state court" and the "avoidance of duplicative litigation," 751 F.3d at 145-46. In the interest of comity, we explained, the district court must inquire whether there are "pending parallel state proceedings," *id.* at 145; if there are, the district court should decline to exercise jurisdiction unless "the existence of [such] . . . proceedings is outweighed by opposing factors," *id.* We review a district court's decision to decline jurisdiction for abuse of discretion. *Id.* at 146.

Esurance argues that the District Court erred in deeming the underlying state tort action a parallel proceeding because it involves different claims and different parties, and thus does not present an "opportunity for ventilation" of the insurance coverage claim at issue in the federal declaratory judgment action. Appellant's Br. 12 (quoting *Wilton v.*

---

[1] This matter was submitted on Appellant's brief only.

*Seven Falls Co.*, 515 U.S. 277, 290 (1995)). Esurance's arguments have force, but we need not resolve the issue because pending this appeal, Esurance did file a declaratory judgment action in state court seeking the same coverage declaration it sought in the District Court, *Esurance v. Bowser et al.*, No. 1707-0592 (Phila. Ct. C.P. June 7, 2017).[2] There is no doubt that action constitutes a "parallel state proceeding," and "[i]t is irrelevant that the state declaratory judgment petition was filed after its counterpart" in federal court, *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). In view of the now-pending parallel proceeding, which "militates significantly in favor of declining jurisdiction," *Reifer*, 751 F.3d at 144-45, we will affirm on that alternate ground.[3]

---

[2] We take judicial notice of Esurance's subsequently filed state court declaratory judgment action. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[3] While we could remand, the interest of judicial efficiency counsels against doing so where, as here, the issue is a purely legal one and its proper resolution is apparent. *See Susquehanna Valley All. v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 239 (3d Cir. 1980).