**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4588
_____

LYNN A. VAN TASSEL,
                                        Appellant
                    v.


LAWRENCE COUNTY DOMESTIC RELATIONS SECTIONS;
LARRY TROGGIO, Director, Lawrence Cty Dr, in his official and an individual
capacity; JACKIE MCBRIDE, Caseworker, Law Cty, Dr, in her official and individual an
individual capacity; JACKIE BARTBERGER, Enforcement Supervisor, Law Cty. Dr, in
her official and an individual capacity; CHARMAGNE DUZAK, Hearing Officer, Law.
Cty. Dr, in her official and an individual capacity; JOHN W. HODGE, Judge, Law. Cty.
Court of Common Pleas, in his official and an individual capacity; JAMES W.
MANOLIS, Esquire; ARTHUR R. VAN TASSEL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cv-0266)
District Judge:  Honorable Nora B. Fischer


_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed August 17, 2010)
_____

OPINION

_____

PER CURIAM.

Lynn Van Tassel ("Appellant"), proceeding pro se, appeals from the District Court's dismissal of her complaint.[1] For the reasons that follow, we will affirm the District Court's order.

## I.

In March 2009, Appellant filed a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania against her former husband (Arthur Van Tassel) and his attorney (James Manolis), the Lawrence County Domestic Relations Section ("Domestic Relations"), Judge John W. Hodge of the Pennsylvania Court of Common Pleas, and several others. In short, Appellant contends that nearly everyone involved in a child support dispute conspired against her in various ways, and that a June 23, 2008 order issued by Judge Hodge was improper for numerous reasons. Appellant set forth four claims, all of which assert that several constitutional violations occurred during her attempt to obtain child support payments. She seeks, among other things, "declaratory and injunctive relief from the June 23, 2008 order." Appellant also claims that her ex-husband and attorney Manolis engaged in several instances of retaliatory prosecution, thereby violating her civil rights. The District Court granted Judge Hodge's, Domestic Relations', Manolis's, and Van Tassel's motions to

---

[1]     Appellant's brief appears to seek review of the District Court's August 19, 2009 order denying her motion to enjoin state court contempt proceedings. However, because the contempt proceedings have already occurred, an appeal from the order denying the injunction is moot. See Scattergood v. Perelman, 945 F.2d 618, 621 (3d Cir. 1991).

dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6).  It sua sponte dismissed the claims against the remaining defendants for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[2]

After Appellant's motion for reconsideration was denied, she timely filed this appeal.

**II.**

Having reviewed the record in this case, we will affirm the dismissal of the complaint for the reasons explained by the District Court in its thorough and cogent opinion, and will only briefly summarize them here.[3]  The District Court properly determined that it lacked jurisdiction over most of Appellant's claims pursuant to the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292-93 (2005).  Appellant wanted the District Court to, among other things, enjoin the enforcement of the state court's June 2008 ruling and "award preliminary and permanent declaratory . . . relief" from that order.  This claim for relief is "inextricably intertwined" with the state court proceeding, as it would require the district court to conclude that the state court made an incorrect legal and/or factual determination and

---

[2]	The Supreme Court laid out the principles of the doctrine in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1993)).

[3]	We have jurisdiction 28 U.S.C. § 1291.  Our review of the order dismissing the complaint is plenary.  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

3

would effectively reverse the state decision or void its ruling.  See Desi's Pizza, Inc. v. Wilkes-Barre, 321 F.3d 411, 421 (3d Cir. 2003) (explaining when a claim for relief in a federal action is "inextricably intertwined" with a state court action).  This is exactly the type of determination that the Rooker-Feldman doctrine prohibits.  See id. at 422 (citing Stern v. Nix, 840 F.2d 208, 212 (3d Cir. 1988) (holding that Rooker-Feldman doctrine prevented the plaintiff from obtaining an injunction against the enforcement of a state court judgment)).  The District Court also appropriately dismissed Appellant's remaining civil rights claims against her husband and his attorney, as she did not set forth any facts in her amended complaint sufficient to demonstrate they are state actors or acted under color of state law via a conspiracy or otherwise, as is required to pursue a 42 U.S.C. § 1983 claim.[4]  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277-78 (3d Cir. 1999).

Appellant's remaining arguments are meritless, and we will affirm the District Court's orders dismissing the complaint and denying Appellant's motion for reconsideration.  Appellant's remaining motions are denied.

---

[4]     Because we agree with the District Court's dismissal of the complaint for the reasons stated above, we do not consider its other bases for dismissal.

4