**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3256
_____

LYNN A. VAN TASSEL,

Appellant

v.

HONORABLE JOHN W. HODGE, Judge, Lawrence County Court of Common Pleas, in
his official and individual capacities; HONORABLE THOMAS M. PICCIONE, Judge
Lawrence County Court of Common Pleas, in his official and individual capacities;
LAWRENCE COUNTY DOMESTIC RELATIONS SECTIONS; TRACY HROMYAK,
Director of the Lawrence County Domestic Section in her official and individual
capacities; JOSHUA LAMACUSA, District Attorney of Lawrence County in his official
and individual capacities; DISTRICT ATTORNEY LAWRENCE COUNTY;
LAWRENCE COUNTY ADULT PROBATION AND PAROLE DEPARTMENT;
JAMES E. MANOLIS, Esquire; ARTHUR R. VAN TASSEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-13-cv-00024)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: May 5, 2014 )

_____

OPINION
_____

PER CURIAM

Lynn Van Tassel ("Lynn"), proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing her declaratory judgment action pursuant to Wilton v. Seven Falls Co., 515 U.S. 277 (1995). We will affirm the judgment of the District Court, but on other grounds. See Revell v. Port Authority of New York, New Jersey, 598 F.3d 128, 136 n.13 (3d Cir. 2010) (noting that this Court may affirm on other grounds so long as the record supports the judgment).

In 2007 and 2008, Lynn filed praecipes for judgment against her former husband, Arthur Van Tassel, for child support arrearages in the Lawrence County, Pennsylvania Court of Common Pleas.[1] Arthur Van Tassel disputed the judgments. The trial court found that the entries of judgment were improper and that Lynn's conduct in the proceedings had been vexatious. In an order entered June 23, 2008, the trial court ordered Lynn to pay Arthur Van Tassel's attorneys' fees. Lynn appealed, but the appeal was quashed as untimely. Lynn also filed a civil rights action in federal court that was dismissed on several grounds, including the Rooker-Feldman[2] doctrine. We affirmed. Van Tassel v. Lawrence County Dom. Rel. Sections, et al., 390 F. App'x 201 (3d Cir. 2010) (per curiam) (non-precedential decision).

---

[1] Like the District Court, we base our account of the procedural background on the state court decisions included in the record.

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Lynn did not comply with the June 23, 2008 order. On November 30, 2009, the trial court ordered that she pay additional attorneys' fees in a contempt proceeding. The Pennsylvania Superior Court affirmed. The Superior Court also granted Arthur Van Tassel's request for fees and costs in another appeal taken by Lynn. The trial court determined the amount of fees owed in an order issued May 24, 2010. On December 21, 2010, Lynn was again found in contempt and, among other things, was sentenced to 90 days in jail. Although Lynn was permitted to pay the fees owed in lieu of going to jail, she did not do so. Lynn failed to report to jail in November 2011 and was arrested. She was afforded house arrest and released in January 2012.

In January 2013, Lynn filed the present declaratory judgment action pursuant to 28 U.S.C. § 2201. She filed an Amended Complaint on March 22, 2013. Lynn sought declarations that 42 Pa. Cons. Stat. §§ 2503(7) and (9), and Pennsylvania Rules of Appellate Procedure 2744 and 2741(1), the statute and rules under which attorneys' fees and costs were imposed, are unconstitutional as applied in her case. Lynn also sought a declaration that the Pennsylvania State Intermediate Punishment Program, under which she was afforded house arrest, is unconstitutional as applied in her case. She also requested other relief that the court may deem proper, "including return of her 'extorted' monies . . . ." Am Compl. at 24.

The defendants, including state court judges, the Lawrence County Domestic Relations Section ("DRS"), Arthur Van Tassel, and others, moved to dismiss the Amended Complaint on various grounds. The District Court declined to exercise

jurisdiction over Lynn's action pursuant to <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995). The District Court noted, among other things, that many actions had been litigated or remained pending related to the child support obligation and that the issues involved are fundamentally based on state law. The District Court also denied Lynn's motion for reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. <u>Wilton</u>, 515 U.S. at 289.

<u>Wilton</u> addressed the standard governing a district court's decision to stay a declaratory judgment action in favor of parallel state litigation. <u>Id.</u> at 281. The Supreme Court applied its decision in <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942), which established that a district court has discretion to determine whether to entertain a declaratory judgment action where another suit is pending in state court presenting the same issues of state law between the same parties. <u>Wilton</u>, 515 U.S. at 282-83. Recognizing the limited nature of its holding, the Supreme Court stated that it held "only that the District Court acted within its bounds in staying [an] action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." <u>Id.</u> at 290. We have stated that <u>Wilton</u> allows a federal court to abstain from deciding a declaratory judgment claim if that court "believes that the state law questions in controversy between the parties are better suited for resolution in state court." <u>Marshall v. Lauriault</u>, 372 F.3d 175, 184 (3d

4

Cir. 2004). <u>See</u> <u>also</u> <u>State Auto Ins. Co. v. Summy</u>, 234 F.3d 131, 134-35 (3d Cir. 2001) (recognizing same).

We are unable to conclude on the present record that <u>Wilton</u> applies here. It is not clear that Lynn's present claims are pending in state court. Lynn has stated that she has two appeals pending in state court and that her support litigation is ongoing, but the record does not reflect the nature of her pending claims. <u>See</u> <u>Marshall</u>, 372 F.3d at 184 (noting court's inability to determine application of <u>Wilton</u>/<u>Brillhart</u> without state court complaints). Lynn also does not seek a declaratory judgment on a question of state law, but declarations that the state statute and court rules under which she was sanctioned were applied in violation of the Supremacy Clause of the United States Constitution, and that the use of the intermediate punishment program to effectuate her house arrest violated the Due Process Clause. <u>See</u> Am. Compl. at 19-23. The <u>Wilton</u> court did not address whether its decision applies to cases raising issues of federal law. <u>Wilton</u>, 515 U.S. at 290. <u>See</u> <u>also</u> <u>Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.</u>, 673 F.3d 84, 105 (2d Cir. 2012) (holding <u>Wilton</u> was inapplicable where case raised claim governed solely by federal law).

While we are unable to conclude that the District Court properly declined to entertain Lynn's Amended Complaint under <u>Wilton</u>, the Appellees assert in their briefs that the Amended Complaint should be dismissed under the <u>Rooker</u>-<u>Feldman</u> doctrine. We agree. Under <u>Rooker</u>-<u>Feldman</u>, federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments. <u>Great Western Mining & Mineral Co.</u>

v. Fox Rothschild LLP, et al., 615 F.3d 159, 165 (3d Cir. 2010).  The doctrine requires that "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

These requirements are met here.  Lynn lost in state court when she was sanctioned on June 23, 2008 and when she was assessed fees and costs on May 24, 2010. Lynn complains of injuries caused by the state court's orders.  Lynn claims that "the court's action in sanctioning" her, the court's "assessment of additional attorney's fees" under the appellate rules, and the court's "order[ing] Plaintiff into the [intermediate punishment program]" were unconstitutional.  See also Great Western, 615 F.3d at 167.[3] These orders were issued before Lynn filed her declaratory judgment action and she invites the District Court to reject them.  Lynn does not attack the constitutionality of the Pennsylvania statute and rules, but the state court's application of the statute and rules to the facts of her case.  See Alvarez v Att'y Gen., 679 F.3d 1257, 1263 (11th Cir. 2012) (holding Rooker-Feldman barred an as-applied due process claim); McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010) (same).

---

[3]Lynn alleges in her Amended Complaint that DRS erred in preparing certificates of arrearages and that Arthur Van Tassel and his lawyer should not have pursued attorneys' fees.  The Amended Complaint, however, seeks relief based on injuries resulting from the court's orders and its alleged unconstitutional application of state statutes and rules.

Accordingly, for the foregoing reasons, we will affirm the judgment of the District Court.