**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-3571

———————

LYNN A. VAN TASSEL, an adult individual,
Appellant

v.

HON, JUDGE THOMAS M. PICCIONE, Judge of the Court of Common Pleas,
Lawrence County, PA, in his official and individual capacities; JAMES R. JENDRYSKI,
Chief Probation Officer, the Lawrence County Adult Probation and Parole Department,
in his official and individual capacities; BRIAN COVERT, Warden of Lawrence County
Jail, in his official and individual Capacities; CLYDE JONES, Trooper Pennsylvania
State Police, in his official and individual capacities; COL. FRANK NOONAN,
Commissioner of Pennsylvania State Police, in his official and individual capacities;
JOSHUA LAMANCUSA, Lawrence County District Attorney, in his official and
individual capacities

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01672)
District Judge: Honorable Nora B. Fischer

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2015
Before: CHAGARES, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2015)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant, Lynn A. Van Tassel, filed suit in federal court against Judge Thomas

Piccione and a number of county officials involved in proceedings against her for civil

contempt and in enforcing the contempt order against her in her state court divorce case.

Appellant seeks review of the District Court's order dismissing her complaint.[1]  Because

we conclude that dismissal was appropriate, we will affirm.

**I.**

The parties are familiar with the facts and proceedings to date and we will only set

forth the basic facts necessary to our analysis here.  In addition, much of the factual

background for Appellant's current claims is set forth at length at Van Tassel v.

Lawrence County Domestic Relations Sections, 390 F. App'x 201 (3d Cir. 2010), and

Van Tassel v. Hodge, 565 F. App'x 135 (3d Cir.), cert. denied, 135 S. Ct. 478 (2014).

Appellant was held in civil contempt for violating an order of the Court of

Common Pleas of Lawrence County, Pennsylvania.  The trial judge found that Appellant

had disregarded a previous contempt order requiring her to pay part of her husband's

attorney's fees in their divorce proceedings.  The judge imposed a sanction of ninety days

in prison in addition to other legal and monetary sanctions.  Appellant was arrested on a

bench warrant issued in connection with the contempt order and was released on bail with

house arrest followed by electronic monitoring as she awaited further proceedings.  A

---

[1] Appellant listed only the District Court's denial of her motion to reconsider in her
notice of appeal.  However, her arguments are directed at the substance of the District
Court's dismissal of her complaint.  See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n,
503 F.3d 217, 225 n.6 (3d Cir. 2007).

miscellaneous criminal docket entry related to the electronic monitoring was created in Appellant's name. Appellant, acting through counsel, brought the miscellaneous docket entry to the judge's attention, and it was expunged approximately three months later.

Appellant filed suit in federal District Court pursuant to 42 U.S.C. § 1983 against the judge, probation and parole officials, jail officials, state police officials, and the local prosecutor. She alleged violations of her First, Fourth, and Fifth Amendment rights and brought various claims against the appellees based in state law. The gravamen of her complaint is that it was illegal for the state court to grant her bail and order electronic monitoring in civil contempt proceedings and that she was damaged by the criminal docket entry in her name that was created when she was placed on electronic monitoring. Appellees filed motions to dismiss, which the District Court granted. Appellant moved the District Court to reconsider and appealed the denial of that motion.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the complaint for failure to state a claim and over the District Court's application of the Rooker-Feldman doctrine. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The question of immunity is a purely legal issue, which we review de

3

novo. Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000). We review for abuse of discretion the District Court's order denying Appellant's motion for reconsideration. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court properly dismissed Appellant's claims. As we explained in Appellant's earlier appeal on the same basic set of facts,[2] the District Court lacked jurisdiction under the Rooker-Feldman doctrine because Appellant's claims are essentially an appeal from a state court judgment. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Insofar as Appellant's claims of conspiracy or collusion could be read to fall outside Rooker-Feldman, the District Court properly disposed of them on other grounds. The District Court listed a number of alternative reasons for dismissing each of Appellant's claims, including immunity and failure to state a claim upon which relief could be granted. "A judicial officer in the performance of his duties has absolute

---

[2] As noted, Appellant has already raised the issues on which she bases her complaint. We affirmed dismissal of that case based on the application of the Rooker-Feldman doctrine. See Van Tassel v. Hodge, 565 F. App'x 135, 138 (3d Cir.), cert. denied, 135 S. Ct. 478 (2014). Although the District Court did not address preclusion, "'res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants," Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991) (quoting Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972)), and the doctrine bars not only claims that were brought in a previous action but also claims that could have been brought. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

4

immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). The District Court correctly determined that the state court judge was entitled to absolute immunity. With respect to the remaining defendants, the District Court properly determined that Appellant had failed to state a claim. Appellant listed non-judicial defendants in her complaint but failed to allege facts upon which liability could be based for each of those defendants.[3] See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)(liability in a civil rights action must be predicated upon personal involvement). Her non-specific allegations that those defendants conspired generally, "corrupted the judicial process" or "violated her rights" are legal conclusions insufficient to state a claim and to which this Court does not owe deference on a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The District Court properly dismissed all of Appellant's federal claims.

The District Court also declined to exercise supplemental jurisdiction over Appellant's state law claims. A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction."

---

[3] Although a pro se complainant should normally be afforded an opportunity to amend a complaint before dismissal with prejudice, a District Court is not required to permit a futile amendment. Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Appellant has attempted to litigate these claims in multiple courts through multiple litigations and has yet to articulate any set of facts on which these defendants could be held liable. She did not set forth facts to support an effective amendment in her opposition to their motions to dismiss or in her motion for reconsideration, nor did she set forth any such facts in her briefs on appeal.

28 U.S.C. § 1367(c)(3). Once the District Court properly dismissed Appellant's federal claims, it then properly declined to exercise supplemental jurisdiction over all her state law claims.

Finally, the District Court properly denied Appellant's motion to reconsider. For the District Court to reconsider its decision, Appellant would have had to show (1) an intervening change in controlling law; (2) new evidence not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Appellant's motion for reconsideration essentially reiterated her original arguments and did not meet the standard for reconsideration of the District Court's judgment.